## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES PERRY,

      Petitioner,

                                CASE NO. 5:11-CV-13960

v.                            HONORABLE JOHN CORBETT O'MEARA
                                UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR REHEARING AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

James Perry, (Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for assault with intent to commit criminal sexual conduct involving penetration, M.C.L.A. 750.520g(1).  On May 23, 2012, this Court denied petitioner's application for a writ of habeas corpus and also declined to issue a certificate of appealability. *See Perry v. Scutt,* No. 2012 WL 1890894 (E.D. Mich. May 23, 2012).  Petitioner has now filed a motion for rehearing or for a certificate of appealability.  For the reasons that follow, the Court will deny petitioner's motion for rehearing.  The Court will further order that petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues

already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion for rehearing, petitioner claims that this Court erred in denying him habeas relief on his claims. Petitioner in the alternative requests a certificate of appealability. Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).

Petitioner's motion for rehearing will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability. *Hence,* 49 F. Supp. 2d at 553.

2

This Court further notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's motion for a rehearing [Dkt. # 12] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Rehearing or at a Minimum A Certificate of Appealability" [Dkt. # 12] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.


                                        s/John Corbett O'Meara
                                        United States District Judge
Date:  July 26, 2012

        I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 26, 2012, using the ECF system.


                                        s/William Barkholz
                                        Case Manager

3